IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:      ETHICON, INC.
            PELVIC REPAIR SYSTEMS
            PRODUCT LIABILITY LITIGATION                 MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Tamara Ruiz-Lambert v. Ethicon, Inc., et al.*        Civil Action No. 2:12-cv-03938

## MEMORANDUM OPINION & ORDER

Pending before the court is the defendants' Motion to Dismiss [ECF No. 35] filed on January 17, 2017. The plaintiff's counsel responded [ECF No. 37] and the defendants replied [ECF No. 38]. The matter is now ripe for decision. For the following reasons, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

## I.      BACKGROUND

The plaintiff, Tamara Ruiz-Lambert, has not participated in the prosecution of her case since it was selected for inclusion in the Ethicon Wave 4 cases, and her whereabouts are currently unknown. Mot. Dismiss ¶ 4 [ECF No. 35]; Resp. 1–2 [ECF No. 37]. She failed to serve a Plaintiff Fact Sheet as required by PTO Nos. 243 and 17 and has not responded to any of the defendants' requests for production. Mot. Dismiss ¶¶ 1–2. Further, the plaintiff failed to attend her own deposition. *Id.* at ¶ 3; *see also* Notice of Dep. [ECF No. 34]. Ethicon now moves to dismiss with prejudice pursuant to Rules 37(d)(1)(A)(i), 37(d)(1)(A)(ii), and 41(b) for failure to comply with a court order, failure to comply with the Federal Rules of Civil Procedure, and failure

to attend her own deposition. Mot. Dismiss at ¶¶ 1–3. Alternatively, Ethicon moves to dismiss pursuant to Rule 41(b) for failure to prosecute. *Id.* at ¶ 4. Ethicon requests dismissal and reasonable expenses, including attorney's fees and expenses, caused by the plaintiff's failure to appear at her deposition. *Id.* at 2. Plaintiff's counsel responded and only objected to the assignment of reasonable expenses for the plaintiff's failure to appear at her deposition. Resp. at 2.  Plaintiff's counsel did not object to the factual assertions and did not object to dismissal. *Id.* at 1–4.

## II.    LEGAL STANDARD

Rule 37(d)(1) of the Federal Rules of Civil Procedure permits me to sanction a party who fails to show up for a properly noticed deposition or who fails to answer interrogatories or requests for inspection. Fed. R. Civ. P. 37(d)(1)(A). Permissible sanctions for these actions include dismissal of the action. Fed. R. Civ. P. 37(d)(3). Where dismissal is a potential sanction, courts have narrower discretion because "the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977)); *see also Viswanathan v. Scotland Cty. Bd. of Educ.*, 165 F.R.D. 50, 53 (M.D.N.C. 1995), *aff'd*, 76 F.3d 377 (4th Cir. 1996) (applying the *Wilson* factors where a plaintiff failed to attend his own deposition). To determine whether dismissal is warranted, courts must consider "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the

materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Richards & Assocs., Inc.*, 872 F.2d at 92.

The realities of multidistrict litigation and the unique problems an MDL judge faces weigh heavy when balancing the four factors. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"); H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See Phenylpropanolamine*, 460 F.3d. at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1232; *see also*

Fed. R. Civ. P. 1. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III.   DISCUSSION

First, although I do not have sufficient facts to determine that Ms. Ruiz-Lambert acted in bad faith, the plaintiff's noncompliance by failing to attend her deposition and failure to respond to requests for production was so severe that her counsel did not object to dismissal, only to the assignment of fees. Such noncompliance weighs heavily against the plaintiff. Additionally, Ms. Ruiz-Lambert's deposition is of utmost importance to the defendants' case because it is she who was implanted with the mesh at issue in this case and she who bears the burden of proof in this case. Furthermore, as I have stressed before, MDLs exist to facilitate efficiency in voluminous matters—efficient discovery is vital. When parties fail to comply with discovery deadlines, a domino effect develops, resulting in the disruption of other MDL cases. Parties must not be permitted to disregard discovery and thereby disrupt MDL cases. Dismissal discourages the disregard illustrated in this case. Finally, I do

not believe that less drastic sanctions are adequate in this situation. Lesser sanctions cannot give the defendants back the preparation time they lost in this case.

Further, Rule 37(d)(3) of the Federal Rules of Civil Procedure states that

[i]nstead of or in addition to [dismissal], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Here, defendants admit they knew of plaintiff's counsel's inability to locate Ms. Ruiz-Lambert prior to the deposition but pressed forward nonetheless. These circumstances make an award of reasonable expenses unjust.

## IV.   CONCLUSION

For the foregoing reasons, I **ORDER** that the defendants' Motion to Dismiss [ECF No. 35] is **GRANTED in part** to the extent that they seek dismissal and is otherwise **DENIED**. It is further **ORDERED** that the plaintiffs' case is **DISMISSED with prejudice**.

ENTER: March 6, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE